IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAVERNE WILLIS PLAINTIFF

vs. Civil No. 1:08-cv-01069

MICHAEL J. ASTRUE DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Laverne Willis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

On August 21, 2007, this Court entered a report and recommendation in this matter as a part of a separate case. *Willis v. SSA,* 1:06-cv-01093 (Doc. No. 10). In the report and recommendation, this Court outlined the background of this case. Since this Court's remand, the ALJ held a second administrative hearing. (Tr. 385-414). This hearing was held in El Dorado, Arkansas on April 25, 2008. *See id.* Plaintiff was present and was represented by counsel, Mary Thomason, at this hearing.

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

*See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the ninth grade in high school. (Tr. 389-391).

On May 30, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 314-325). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 26, 2006, her application date. (Tr. 316, Finding 1). The ALJ determined Plaintiff had the following severe combination of impairments: lumbar strain and myofascial syndrome. (Tr. 316-317, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 317, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 317-323). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After further consideration of the record from Dr. Sharma, the undersigned finds that the claimant has the following residual functional capacity as defined in 20 CFR 416.967(b). Claimant can never lift 50 to 100 pounds, occasionally lift 20 to 50 pounds, and frequently lift 20 pounds and 10 pounds. She can also never carry 100 pounds, occasionally carry 25 to 50 pounds, and frequently carry 10 to 20 pounds. Claimant can frequently (which is 1/3 to 2/3 of the time) use her left and right hands to reach (overhead), reach (all other), handle, finger, feel, and push/pull. She can also

> frequently use her feet for operation of foot controls. She can occasionally climb stairs and ramps, balance, crouch, kneel, stoop and/or crawl, but should never climb ladders or scaffolds. She has no problems with hearing and vision. Furthermore, claimant can frequently tolerate humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme cold and heat, and vibrations. However, she could only occasionally exposure [sic.] to unprotected heights and moving mechanical parts; and her ability to tolerate "office noise" is moderate.
>
> The undersigned further finds that claimant has the residual functional capacity to sit 8 hours in an 8-hour workday (6 hours at one time without interruption, and the ability to stand and/or walk 6 hours in an 8-hour workday (4 hours at tone [sic.] time without interruption). She does not require the use of a cane to ambulate. Claimant can perform activities like shopping; can travel without a companion for assistance; can ambulate without using a wheelchair, walker, 2 canes or 2 crutches; can walk a block at a reasonable pace on rough or uneven surfaces; can use standard public transportation; can climb a few steps at a reasonable pace with the use of a single hand rail; can prepare a simple meal and feed herself; can care for personal hygiene; and can sort, handle, and use paper/files. Therefore, the undersigned Administrative Law Judge concludes that the claimant is capable of simple and unskilled work.

(Tr. 317-318, Finding 4).

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"), and, therefore, would be unable to perform any of her PRW. (Tr. 323, Finding 5). However, the VE also testified, based on her RFC and a consideration of all of her vocational factors, that jobs exist in significant numbers in the economy which Plaintiff would be capable of performing. (Tr. 323-324, Finding 9). These jobs include packing line worker with approximately 4,910 such jobs in Arkansas and 1.9 million such jobs in the United States and information clerk with 5,600 such jobs in Arkansas and 1,000,000 such jobs in the United States. (Tr. 324). Based upon this testimony, the ALJ determined that a significant number of jobs exist in the economy which Plaintiff would be capable of performing and that Plaintiff had not been under a "disability," as defined by the Act, at any time from the date of Plaintiff's application. (Tr. 324, Finding 10).

On June 9, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

decision. (Tr. 308-310). *See* 20 C.F.R. § 404.968. On August 12, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 304-307). On September 16, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on September 22, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 9-10). This case is now ready for decision.

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the following: (A) the ALJ demonstrated bias toward her such that she was denied a fair and impartial trial and (B) the ALJ failed to give proper weight to her testimony and her daughter's testimony of pain which was verified by the medical evidence of her treating physician. (Doc. No. 9, Pages 8-14). In response, Defendant argues that the

ALJ conducted a fair and impartial hearing and that the ALJ properly evaluated Plaintiff's subjective complaints of pain and discomfort and discounted them for legally-sufficient reasons. (Doc. No. 10, Pages 5-14). This Court will address both of these issues.

**A. ALJ's Bias**

Plaintiff argues that the ALJ demonstrated bias toward her such that she was denied a fair and impartial trial. (Doc. No. 9, Pages 8-13). There are several statements on the record the ALJ made which she claims establish she was denied a "fair and impartial trial." *See id.* As an initial matter, it is important to note that ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased. *See Schweiker v. McClure,* 456 U.S. 188, 195 (1982). *See also Kittler v. Astrue,* No. 06-2225, 2007 WL 1390639, at *1 (8th Cir. May 14, 2007) (unpublished) (affirming the ALJ's disability determination where the claimant failed to provide evidence of bias). To rebut this presumption, the claimant must demonstrate "conflict of interest or some other specific reason for disqualification." *Schweiker,* 456 U.S. at 195.

With these principles in mind, this Court turns to the statements made by the ALJ which Plaintiff claims demonstrate the ALJ's bias. The first set of statements relate to which ALJ would preside over her case if it were to be remanded again:

> Q: I'll make a statement for the record. This case is now a court remand. This case was heard prior by myself as judge. It was remanded by the courts to have a more recent examination done regarding the Claimant's claim of disability, which I have done with the examination of Dr. Roche (phonetic) in Charmine (phonetic), which was done as of February 27, 2008. One thing I will tell you, Ms. Willis, this is the second time you're before me as judge in this matter regarding your claim of disability. Please understand that as of this filing, I will not hear this case again. So if I deny your case for the second time, you will hear this case before another judge if it's remanded again. Do you understand that?
>
> A: Yes.

Q: You won't constantly come before the same judge every time. So you won't see me again unless you do another filing, unrelated to this filing. But if this case is remanded, I won't hear it again.

(Tr. 409). Despite Plaintiff's claim that these statements demonstrate the ALJ's bias, this Court finds these statements do not establish any bias on the part of the ALJ. Indeed, they are merely a statement of the SSA procedures.

The second set of statements relate to Plaintiff's sources of income:

Q: Okay. One of the issues in the last case is you have no work history in the last 15 years. You worked very little. Are you getting food stamps?

A: Yes.

Q: What are you living off of in the last 15, 20 years, since you didn't work?

A: I've been taking care of my son and my daughter been helping me.

Q: Okay. Have you had any other children receiving benefits, besides your son?

A: One of my daughters was.

Q: Okay. So you had two children receiving SSI?

A: Yes.

Q: Okay. And you were basically living off that?

A: Yes.

Q: Were they both attention deficit disorder?

A: No. She had a sleep disorder and speech therapy.

Q: And speech.

A: Yes.

Q: And she got benefits as a child?

A: Yes.

Q: She's still receiving benefits, also?

A: No.

(Tr. 392). Despite Plaintiff's claim that these statements demonstrate bias, this Court finds these statement merely demonstrate Plaintiff's sources of income. Indeed, as a part of the last appeal, Plaintiff claimed she was unable to afford medical treatment due to her lack of finances. *Willis v. SSA,* 1:06-cv-01093 (Doc. No. 10, Page 6). Clearly, her sources of income are relevant to this determination. Accordingly, these statements do not establish the ALJ's bias.

Plaintiff also claims the ALJ demonstrated bias in this case by selecting "a very conservative doctor that the Administrative Law Judge knew or should have known had a reputation for not finding anyone disabled." (Doc. No. 9, Page 12). However, as noted by Defendant, the SSA regulations provide a claimant the right to object to a consultative examination by a physician when the claimant believes that the designated physician lacks objectivity in general. *See* 20 C.F.R. § 416.919j. Since Plaintiff has made no showing that she exercised her right to object, this Court finds no error in the ALJ's selection of Dr. Sharma. *See Richardson v. Perales,* 402 U.S. 389, 404-05 (1971) (finding due process was not violated where the claimant failed to follow procedural safeguards for exercising those rights). Accordingly, based upon the foregoing, this Court finds no showing sufficient to rebut the presumption that the ALJ was unbiased in this case.

**B. Subjective Allegations of Pain**

Plaintiff claims the ALJ erred by improperly discounting her testimony and the testimony of her daughter. (Doc. No. 9, Pages 10-14). Plaintiff argues, "Both the claimant and her daughter, Ruthie Love, testified that the claimant experienced pain, that she took pain medication, the medication made her sleepy, and that she would go to sleep and be without pain for a while after

awaking." *See id.* In response, Defendant argues that the ALJ properly evaluated Plaintiff's subjective complaints of pain and discomfort and discounted them for legally-sufficient reasons. (Doc. No. 10, Pages 7-14). Defendant argues that the ALJ was free to discount the opinions of Plaintiff's daughter and that the ALJ properly considered Plaintiff's subjective complaints pursuant to *Polaski*. *Id.*

First, the ALJ was not required to accept the testimony of Plaintiff's daughter. *See Lawrence v. Chater,* 107 F.3d 674, 677 (8th Cir. 1997) (holding that an ALJ can discount a witness's testimony if the ALJ finds that the witness was motivated by a desire to see the claimant obtain benefits). This is especially true where that testimony conflicted with the most recent examination of Plaintiff by consultative physician, Dr. Sharma. (Tr. 348-356). Notably, Dr. Sharma examined Plaintiff on February 27, 2008 and found, despite her allegations of disabling pain, that she suffered from very few limitations. *See id.*

Second, the ALJ properly considered the testimony of Plaintiff. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. (Tr. 319-323). After stating the *Polaski* factors, he analyzed those factors and noted the following inconsistencies: (1) despite Plaintiff's complaints of disabling back pain, she often only took B.C. powder, Tylenol, and aspirin and did not always take "strong medication"[3]; (2) Plaintiff performed no substantial gainful activity during her adult life, which detracts from her credibility; (3) Plaintiff's

---

[3] In an effort to demonstrate she has taken "strong medication," Plaintiff attached a list of drugs she has been prescribed. (Doc. No. 9, Pages 13-14). However, this bare list of medications does not establish anything. This list does not demonstrate that she consistently took any of these medications for pain, had been renewing those prescriptions, or was not instead taking weaker pain medications.

medical treatment records have significant gaps, including the time period from July 2003 until April 2005; (4) none of Plaintiff's treating physicians ever placed work limitations on her; and (5) the consulting examiner, Dr. Sharma, placed no work limitations on Plaintiff. *See id.* Accordingly, this Court finds the ALJ's credibility determination is entitled to deference. *See Cox,* 471 F.3d at 907.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of September, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE